UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

LM Nursing Service, Inc.;
Louis Paolino; and Marie Issa,
    Plaintiffs

    v.                           Case No. 09-cv-413-SJM-DLM

Joseph Ferreira, d/b/a Advanced
Auto Recycling, Inc; LKQ Corporation;
and Joseph I. Ferreira Trust,
    Defendants


**O R D E R**


    Plaintiffs are current or prior owners of property that
abuts a former dump site in Cumberland, Rhode Island (the "Curran
Road Property"), which is owned and/or controlled by defendants.
At some point in the late 1970's or early 1980's, it was
discovered that the Curran Road Property was contaminated with
hazardous materials.  Plaintiffs bring this suit seeking to
recover damages caused by the migration of that contamination
onto their property.


    Previously, plaintiffs voluntarily dismissed their claims
against Phillip Diamond, Mark Diamond, and "Mobil Corp."  The
three remaining defendants - Joseph Ferreira, LKQ Corporation,
and the Joseph I. Ferreira Trust - move to dismiss counts 8 and
10 through 33 of the third amended complaint (document no. 21).

For the reasons discussed below, that motion is granted in part and denied in part, and this matter is remanded to state court.

## Standard of Review

When ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must "accept as true all well-pleaded facts set out in the complaint and indulge all reasonable inferences in favor of the pleader." S.E.C. v. Tambone, 597 F.3d 436, 441 (1st Cir. 2010). Although the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), it must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (citation and internal punctuation omitted).

In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Instead, the facts alleged in the complaint must, if credited as true, be sufficient to "nudge[] [plaintiff's] claims across the line from conceivable to plausible." Id. at 570. If, however, the "factual allegations

in the complaint are too meager, vague, or conclusory to remove

the possibility of relief from the realm of mere conjecture, the

complaint is open to dismissal." <u>Tambone</u>, 597 F.3d at 442.


Typically, a court must decide a motion to dismiss

exclusively upon the allegations set forth in the complaint (and

any documents attached to that complaint) or convert the motion

into one for summary judgment. There is, however, a limited

exception to that general rule:

> [C]ourts have made narrow exceptions for documents the
> authenticity of which [is] not disputed by the parties;
> for official public records; for documents central to
> plaintiffs' claim; or for documents sufficiently
> referred to in the complaint.

<u>Watterson v. Page</u>, 987 F.2d 1, 3 (1st Cir. 1993) (citations

omitted). <u>See also</u> <u>Trans-Spec Truck Serv. v. Caterpillar Inc.</u>,

524 F.3d 315, 321 (1st Cir. 2008); <u>Beddall v. State St. Bank &</u>

<u>Trust Co.</u>, 137 F.3d 12, 17 (1st Cir. 1998).


Here, in support of their respective positions on

defendants' motion to dismiss, the parties rely on several

documents which they agree are both authentic and central to

plaintiffs' claims: the letters and documents by which plaintiffs

say they met the notice requirements imposed by the various

federal environmental statutes pursuant to which they bring claims.

## Background

Accepting the allegations set forth in the third amended complaint as true, the material facts are as follows.  LM Nursing Services, Inc. is the former owner of Lots 362, 364, and 365 on Plat 19 in the Town of Cumberland, Rhode Island.  In February of 1988, LM Nursing sold the property to Louis Paolino and Marie Issa.  One or more of those lots abut the Curran Road Property (Lot 363), which is owned and/or controlled by defendants: Joseph Ferreira, d/b/a Advanced Auto Recycling, Inc., LKQ Corporation, and the Joseph I. Ferreira Trust ("JIF Trust").

Plaintiffs claim that defendants, through both negligent and intentional conduct, caused the Curran Road Property to become contaminated with hazardous materials.  And, say plaintiffs, defendants caused that contamination to migrate onto their land by, among other things, redirecting a stream onto their property. Plaintiffs advance a total of 24 state common law and statutory causes of action: negligence, trespass, private nuisance, public nuisance, unjust enrichment, "punitive damages," and private rights of action under the Rhode Island Water Pollution Act. They also advance nine claims under various federal environmental

4

statutes: the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), the Resource Conservation and Recovery Act of 1976 ("RCRA"), and the Clean Water Act ("CWA").

## Discussion

I. <u>Undisputed Matters</u>.

It is, perhaps, best to begin with matters as to which there is no dispute.  First, counts 1 through 3 were dismissed earlier, when plaintiffs voluntarily withdrew their claims against Mark Diamond, Phillip Diamond, and "Mobil Corp."  Additionally, plaintiffs concede that counts 31 through 33 fail to state viable claims under the Rhode Island Water Pollution Act.  <u>See</u> Plaintiffs' memorandum (document no. 49-1) at 17 ("Plaintiffs stipulate that said counts should be dismissed as no groundwater pollution has been found through discovery procedures.").  Accordingly, those counts are dismissed as well.

II. <u>Notice and the Federal Environmental Statutes</u>.

Each of the federal statutes under which plaintiffs seek to bring private causes of action requires that they provide defendants (and various governmental entities) with very specific and detailed notice of defendants' alleged statutory violations, at least 60 days before filing suit.  The notice requirements are mandatory and, absent strict compliance, the court must dismiss

the claims.  So, for example, the Supreme Court concluded that compliance with RCRA's 60-day notice provisions is mandatory and, once a case is filed, a court cannot stay the proceedings while a plaintiff complies with those requirements:

> [A] plaintiff may not file suit before fulfilling the 60-day notice requirement.  Staying judicial action once the suit has been filed does not honor this prohibition.  Congress could have excepted parties from complying with the notice or delay requirement; indeed, it carved out such an exception in its 1984 amendments to RCRA.  <u>See, e.g.</u>, 42 U.S.C. § 6972(b)(1)(A) (1982 ed., Supp. V) (abrogating the 60-day delay requirement when there is a danger that hazardous waste will be discharged).  RCRA, however, contains no exception applicable to petitioners' situation; we are not at liberty to create an exception where Congress has declined to do so.

<u>Hallstrom v. Tillamook County</u>, 493 U.S. 20, 26-27 (1989).  Accordingly, the court held that, "where a party suing under the citizen suit provisions of RCRA fails to meet the notice and 60-day delay requirements of [42 U.S.C.] § 6972(b), the district court must dismiss the action as barred by the terms of the statute."  <u>Id</u>. at 33.

Because the notice and 60-day delay requirements set forth in both CERCLA and the CWA are substantially similar to those contained in RCRA, courts have concluded that compliance with those notice requirements is mandatory as well.  <u>See, e.g.</u>,

<u>National Envtl. Found. v. ABC Rail Corp.</u>, 926 F.2d 1096, 1097-98

(11th Cir. 1991) (CWA 60-day notice requirements are mandatory);

<u>Public Interest Research Group v. Windall</u>, 51 F.3d 1179, 1189 n.

15 (3d Cir. 1995) (same); <u>Am. Canoe Ass'n v. District of Columbia</u>

<u>Water & Sewer Auth.</u>, 306 F. Supp. 2d 30, 35 (D.D.C. 2004)

("Strict compliance with [CWA's notice] provision is a mandatory

jurisdictional prerequisite for a citizen suit.") (citations

omitted); <u>Hernandez v. Esso standard Oil Co.</u>, 571 F. Supp. 2d

305, 310 (D. Puerto Rico 2008) ("Failure to provide sufficient

pre-litigation notice generally bars a citizen suit under the CWA

or RCRA."); <u>Regan v. Cherry Corp.</u>, 706 F. Supp. 145, 147 (D.R.I.

1989) ("Plaintiffs' § 310 CERCLA, 42 U.S.C. § 9659, claim must be

dismissed [because] plaintiffs have failed to fulfill the

section's sixty-day notice provision."); <u>Roe v. Wert</u>, 706 F.

Supp. 788, 793 (W.D. Okla. 1989) (same).[1]

------

[1]      To the extent the circuit's opinion in <u>Dedham Water Co.</u>
<u>v. Cumberland Farms Dairy, Inc.</u>, 805 F.2d 1074 (1st Cir. 1986),
suggests that the 60-day notice need only be provided when CERCLA
claims are being made against the Hazardous Substance Response
Fund (a/k/a "Superfund"), and that such notice is not required in
citizen suits under CERCLA, that holding: (1) preceded the
Supreme Court's opinion in <u>Hallstrom</u>; and (2) was superceded by
the Superfund Amendments and Reauthorization Act of 1986, Pub. L.
No. 99-499, 100 Stat. 1613 (1986).  <u>See</u> <u>Roe v. Wert</u>, 706 F. Supp.
at 794.  <u>See also</u> <u>City of Bangor v. Citizens Communications Co.</u>,
2006 WL 2516976 at *2 (D.Me. Aug. 28, 2006).

Although the notice requirements of the three statutes at issue in this case are similar, they are sufficiently distinct to warrant separate discussion.

A.    CERCLA Notice Requirements.

In its notice provisions, CERCLA provides that "[n]o action may be commenced under subsection (a)(1) of this section before 60 days after the plaintiff has given notice of the violation to each of the following: (A) The President; (B) The State in which the alleged violation occurs; (C) Any alleged violator of the standard, regulation, condition, requirement, or order concerned."  42 U.S.C. § 9659(d).  The pertinent regulations describe the contents of that notice, the means by which such notice is to be served upon alleged violators, and the governmental entities that are to be provided with copies.  See 40 C.F.R. §§ 374.2 through 374.6.

Under those regulations, the notice must contain a number of specific elements:

Notice regarding an alleged violation of a standard, regulation, condition, requirement, or order (including any provision of an agreement under section 120 of the Act, relating to Federal facilities) which has become effective under this Act shall include sufficient information to allow the recipient to identify the specific standard, regulation, condition, requirement, or order (including any provision of an agreement under section 120 of the Act, relating to Federal facilities)

8

which has allegedly been violated; the activity or
failure to act alleged to constitute a violation; the
name and address of the site and facility alleged to be
in violation, if known; the person or persons
responsible for the alleged violation; the date or
dates of the violation; and <u>the full name, address, and
telephone number of the person giving notice</u>.

40 C.F.R. § 374.3(a) (emphasis supplied).


     Those regulations also specify the means by which notice

must be served upon the alleged violator(s), with copies provided

to various state and federal agencies:


     If the alleged violator is a private individual or
     corporation, notice shall be served by personal service
     upon, or by certified mail, return receipt requested,
     addressed to the person alleged to be in violation.  If
     the alleged violator is a <u>corporation</u>, a copy of the
     notice shall also be <u>served by personal service upon or
     by certified mail, return receipt requested, addressed
     to the registered agent</u>, if any, of that corporation in
     the State in which the violation is alleged to have
     occurred.  <u>A copy of the notice</u> shall be served by
     personal service upon or by certified mail, return
     receipt requested, addressed to the <u>United States
     Attorney General</u>; to the <u>Attorney General of the State</u>
     in which the violation is alleged to have occurred; and
     to the <u>head of the Federal agency with delegated
     responsibility for the CERCLA provision allegedly
     violated</u>, pursuant to Executive Order 12580, 3 C.F.R.,
     1987 Comp., p. 193, as amended by Executive Order
     12777, 3 C.F.R., 1991 Comp., p. 351.

40 C.F.R. § 374.2 (emphasis supplied).


     Finally, the CERCLA regulations provide that after a

plaintiff has complied with the 60-day notice and delay

requirements and once a complaint is actually filed, copies of that complaint must be provided to both the Attorney General of the United States and to the Administrator of the Environmental Protection Agency.  40 C.F.R. § 374.5.


    B.   <u>RCRA Notice Requirements</u>.

    RCRA provides that a civil action may be brought against "any person . . . who is alleged to be in violation of any permit, standard, regulation, condition, requirement, prohibition, or order which has become effective pursuant to this chapter."  42 U.S.C. § 6972(a)(1)(A).  Like CERCLA, however, RCRA provides that, prior to actually filing suit, a potential plaintiff must first give notice of the alleged RCRA violation(s) to the alleged violator and various governmental agencies.

> No action may be commenced under [this statute] prior to 60 days after the plaintiff has given <u>notice of the violation</u> to (i) the Administrator; (ii) the State in which the alleged violation occurs; and (iii) to any alleged violator or such permit, standard, regulation, condition, requirement, prohibition, or order.

42 U.S.C. § 6972(b)(1)(A) (emphasis supplied).  Federal regulations describe the content of such notice as follows:

> <u>Notice regarding an alleged violation</u> of a permit, standard, regulation, condition, requirement, or order which has become effective <u>under this Act</u> shall include sufficient information to permit the recipient to <u>identify the specific permit, standard, regulation, condition, requirement, or order which has allegedly</u>

been violated, the activity alleged to constitute a
violation, the person or persons responsible for the
alleged violation, the date or dates of the violation,
and the full name, address, and telephone number of the
person giving notice.

40 C.F.R. § 254.3(a).  The regulations also specify the means by

which the notice must be served upon the alleged violator(s) and

which state and federal agencies must be provided with copies:

> If the alleged violator is a private individual or
> corporation, service of notice shall be accomplished by
> registered mail, return receipt requested, addressed
> to, or by personal service upon, the owner or site
> manager of the building, plant, installation, or
> facility alleged to be in violation.  A copy of the
> notice shall be mailed to the Administrator of the
> Environmental Protection Agency, the Regional
> Administrator of the Environmental Protection Agency
> for the region in which the violation is alleged to
> have occurred, and the chief administrative officer of
> the solid waste management agency for the State in
> which the violation is alleged to have occurred.  If
> the alleged violator is a corporation, a copy of the
> notice shall also be mailed to the registered agent, if
> any, of that corporation in the State in which such
> violation is alleged to have occurred.

40 C.F.R. § 254.2(a) (emphasis supplied).


   C.   The CWA Notice Requirements.

Like both RCRA and CERCLA, the CWA also provides that, at

least 60 days prior to bringing suit against a party alleged to

be in violation of an effluent standard or limitation under the

CWA, the plaintiff must give the alleged violator(s) notice of

those alleged violations.  33 U.S.C. § 1365(b)(1)(A).  The

federal regulations promulgated under the CWA specify the contents of such a notice, the entities upon which it must be served, and the means by which it must be served.  See 40 C.F.R. §§ 135.2 through 135.5.  The notice itself must include:

> sufficient information to permit the recipient to <u>identify the specific standard, limitation, or order alleged to have been violated</u>, the activity alleged to constitute a violation, the person or persons responsible for the alleged violation, the location of the alleged violation, the date or dates of such violation, and <u>the full name, address, and telephone number of the person giving notice</u>.

40 C.F.R. § 135.3(a) (emphasis supplied).  Additionally, the notice must "state the name, address, and telephone number of the legal counsel, if any, representing the person giving the notice."  40 C.F.R. § 135.3(c).  Plainly, then, if the party giving the notice is represented by counsel, the notice must include <u>both</u> the party's complete contact information, as well as that of his or her attorney.  <u>See, e.g.</u>, <u>Sierra Club v. City of Columbus</u>, 282 F. Supp. 2d 756, 775 (S.D. Ohio 2003) (dismissing plaintiffs' complaint under the CWA for, among other things, failing to provide "sufficient information for the recipients to determine the full name, address, and telephone number of the persons giving notice, as required by 40 C.F.R. § 135.3").

The pertinent regulations also establish the means by which notice is to be served:

12

> If the alleged violator is an individual or corporation, service of notice shall be accomplished by certified mail addressed to, or by personal service upon, the owner or managing agent of the building, plant, installation, vessel, facility, or activity alleged to be in violation. <u>A copy</u> of the notice shall be mailed to the <u>Administrator of the Environmental Protection Agency</u>, <u>the Regional Administrator of the Environmental Protection Agency for the region</u> in which such violation is alleged to have occurred, and the <u>chief administrative officer of the water pollution control agency for the State</u> in which the violation is alleged to have occurred. If the alleged violator is a <u>corporation</u>, a copy of <u>such notice also shall be mailed to the registered agent</u>, if any, of such corporation in the State in which such violation is alleged to have occurred.

40 C.F.R. § 135.2(a)(1) (emphasis supplied). Finally, the regulations also require that a party bringing claims under the CWA also serve copies of the complaint on various governmental agencies.

> (a) A citizen plaintiff shall mail <u>a copy of a complaint</u> filed against an alleged violator under section 505(a)(1) of the Act to the <u>Administrator of the Environmental Protection Agency</u>, <u>the Regional Administrator of the EPA Region</u> in which the violations are alleged to have occurred, <u>and the Attorney General of the United States</u>.
>
> (b) The copy so served shall be of a filed, date-stamped complaint, or shall be a conformed copy of the filed complaint which <u>indicates the assigned civil action number</u>, <u>accompanied by a signed statement by the plaintiff or his attorney as to when the complaint was filed</u>.

40 C.F.R. § 135.4 (emphasis supplied).

D.  Notice Provided by Plaintiffs.

Defendants say plaintiffs did not comply with the (mandatory) notice requirements, while plaintiffs say that they did.  Specifically, plaintiffs point to the following correspondence as satisfying their statutory notice obligations:

(a)  A letter addressed to Stephen L. Johnson, Administrator, U.S. EPA Headquarters, Washington, D.C., dated September 22, 2008;

(b)  Letters addressed to Robert Clark Corrente, Esq., United States Attorney's Office, Providence, Rhode Island, dated February 27, 2008, August 25, 2008, and September 22, 2008;

(c)  Letters addressed to Jim Lee, Division Chief, Civil Division, Rhode Island Attorney General's Office, Providence, Rhode Island, dated September 22, 2008, and January 21, 2010; and

(d)  Letters addressed to Joseph Ferreira, dated September 22, 2008.

See Plaintiffs' Response to Request for Production (document no. 41-15, at 1-3).[2]

The letters are part of the record and need not be reproduced in this opinion.  The court will, however, focus

---

[2]  Plaintiffs have also submitted copies of those documents but, due to the volume of plaintiffs' filing, they were submitted conventionally, rather than electronically.  See Documents no. 50 and 51.  Accordingly, they cannot be accessed through the court's electronic docket (CM/ECF).  For convenience, then, the court will refer to the copies of those documents that were electronically submitted by defendants.

primarily on the two letters plaintiffs sent to Joseph Ferreira
on September 22, 2008 (document no. 41-15, at 11-22; and document
no. 41-18, at 9) (collectively, the "notice").  The former
describes the history of the Curran Road Property and neighboring
properties, various environmental studies that have been
performed, the involvement of various state and federal agencies,
and what plaintiffs claim is defendants' participation in the
contamination of that property.  Importantly, however, that
lengthy (12 page) letter does not make even a single reference to
any of the three federal environmental statutes under which
plaintiffs bring their claims.  Instead, it simply "ask[s] [Mr.
Ferreira's] office to conduct an investigation regarding the
property."

    That seemingly odd request is, it would seem, fairly easy to
explain: the letter addressed to Ferreira is merely a copy (with
a few, non-substantive changes) of the letter that plaintiffs
sent earlier that year to the United States Attorney's Office for
the District of Rhode Island.  <u>See</u> Document no. 41-16, at 8-19.
That fact may also explain why, as discussed more fully below,
the letter to Ferreira fails to comply with the strict notice
requirements of the various federal statutes invoked by
plaintiffs: it plainly was not drafted with those very specific
notice requirements in mind.

The second letter purports to be a notice of intent to file
suit under the CWA, the substance of which provides, in its
entirety, as follows:

> Please find enclosed correspondence and appropriate
> Service of Notice pursuant to § 135.2 of Title 40 under
> the Clean Water Act.

> Pursuant to Part 135, Subpart A, of Title 40, Prior
> Notice of Citizen Suits must be given.  Please let this
> letter constitute such service of notice pursuant to
> said § 135.2.

Document no. 41-18, at 9.


Given the strict notice requirements established by the
relevant statutes and regulations, it is equally plain that
plaintiffs' submissions fall well short of the mark in several
respects.  For example, neither the registered agent of LKQ
Corporation, nor the trustee of the JIF Trust, was properly
served with copies of the notice.  See 40 C.F.R. §§ 135.2(a)(1),
254.2(a)(1), and 374.2(a)(1).  Instead, it would seem, plaintiffs
suggest that those entities received constructive notice (such as
it was) of their alleged statutory violations through Mr.
Ferreira.  See Plaintiffs' Statement of Undisputed Facts
(document no. 50), para. 12 (referencing exhibit 9 thereto as the
document by which plaintiffs notified Ferreira - and, presumably,
the trust and corporate defendants - of their intent to proceed
under the Clean Water Act).  See also Plaintiffs' Memorandum

16

(document no. 49-1) at 11 (suggesting that the trust and the corporate defendants were "put on notice through correspondence previously sent to Ferreira.").

Even if plaintiffs were correct in (implicitly) asserting that constructive notice to the JIF Trust and LKQ Corporation is legally sufficient - a proposition for which plaintiffs have not provided, and the court has not found, any legal support - the notice itself was deficient in several respects, including the following:

1. It does not contain plaintiffs' (as distinct from their counsel's) full contact information, including their names, addresses, and telephone numbers. <u>See</u> 40 C.F.R. §§ 135.5, 254.3(a), and 374.3(a). <u>See generally</u> <u>Sierra Club v. City of Columbus</u>, 282 F. Supp. 2d at 775.

2. It was not served on all the appropriate state and federal agencies. <u>See</u> 40 C.F.R. §§ 135.2(a)(1), 254.2(a)(1), and 374.2(a)(1).

3. It does not contain "sufficient information to permit the recipient to identify the specific standard, limitation, or order alleged to have been violated" under any of the three federal statutes at issue. 40 C.F.R. § 135.3. <u>See also</u> 40 C.F.R. §§ 374.3 and 254.3.

Plaintiffs failed to comply with these requirements, despite the fact that one of the letters sent to Ferreira actually invokes the notice provisions of the CWA and purports to provide "prior

notice of citizen suits." Document no. 41-18, at 9. But, as plaintiffs well know, simply notifying Ferreira of their intention to file suit under the CWA does not meet the specific 60-day notice requirements established by the regulations - including the requirement that plaintiffs identify the alleged statutory violations. See, e.g., Plaintiffs' memorandum (document no. 49-1) at 11 ("In fact, it is a notice of violation requirement in [the federal statutes] that is the key requirement and not a notice of 'intent to file suit.'") (emphasis supplied). See generally Ctr. For Biological Diversity v. Marina Point Dev. Co., 566 F.3d 794, 802-03 (9th Cir. 2009); Sierra Club v. City of Columbus, 282 F. Supp. 2d at 765.

Additionally, plaintiffs failed to provide copies of the complaint to the Attorney General of the United States and the Administrator of the Environmental Protection Agency, as required under both the CWA and CERCLA. See 40 C.F.R. §§ 135.4(a) and 374.5.

Because plaintiffs did not even arguably comply with the mandatory 60-day notice requirements imposed by CERCLA, RCRA, and the CWA, the court must dismiss all claims advanced under those statutes.

III. Plaintiffs' State Law Claims.

As to the remaining claims in plaintiffs' third amended complaint - state law causes of action for negligence, continuing trespass, private nuisance, public nuisance, unjust enrichment, and "punitive damages" - the court declines to exercise its supplemental jurisdiction.  See generally 28 U.S.C. § 1367. Section 1367 provides that the court may decline to exercise supplemental jurisdiction over a plaintiff's state law claim when:

> (1)  the claim raises a novel or complex issue of State law,
>
> (2)  the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3)  the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4)  in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c) (emphasis supplied).  The Court of Appeals for the First Circuit has identified additional factors that should be considered when determining whether to exercise supplemental jurisdiction over state law claims: (1) the interests of fairness; (2) judicial economy; (3) convenience; and (4) comity.  See Camelio v. American Fed'n, 137 F.3d 666, 672 (1st Cir. 1998).  With regard to principles of fairness and comity, the Supreme Court has observed:

19

> Needless decisions of state law should be avoided both
> as a matter of comity and to promote justice between
> the parties, by procuring for them a surer-footed
> reading of applicable law. Certainly, if the federal
> claims are dismissed before trial, even though not
> insubstantial in a jurisdictional sense, the state
> claims should be dismissed as well.

<u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 726 (1966) (footnote omitted).

Given that the court has dismissed all of plaintiffs' federal claims, and in the interests of both comity and fairness to the parties, the court declines to exercise supplemental jurisdiction over the remaining state law claims in plaintiffs' third amended complaint.

## Conclusion

Each of the three federal statutes under which plaintiffs advance claims - CERCLA, RCRA, and the CWA - requires plaintiffs to provide defendants with particular notice of their alleged statutory violations at least 60 days prior to filing suit. Those notice requirements are mandatory and plaintiffs must strictly comply with them. Here, the materials plaintiffs say amount to sufficient compliance are, in a number of material respects, plainly deficient. Consequently, the court must dismiss all claims advanced under those federal statutes.

Defendants' motion to dismiss (document no. 38) is granted in part, and denied in part, as follows: Counts 22 through 33 of plaintiffs' third amended complaint are dismissed.  The court declines to exercise its supplemental jurisdiction over the remaining state law claims advanced in plaintiffs' third amended complaint (counts 4 through 21).  Those claims are, therefore, remanded to state court.  Defendants' motion for summary judgment (document no. 40) is denied, without prejudice, as moot.

The Clerk of Court shall enter judgment in accordance with this order, remand plaintiffs' state law claims to the Providence County Superior Court, and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

March 28, 2011

cc:  Jeffrey S. Perlow, Esq.
     Robin-Lee Main, Esq.
     Deborah E. Barnard, Esq.
     Elizabeth A. Mulcahy, Esq.
     Aram P. Jarret, III, Esq.
     Robert C. Corrente, Esq.